no FF

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Harold Bursey
   Petitioner,

**RECEIVED**

1:16-CV-30

   v.

FEB - 8 2016

Motion Under 28 U.S.C. § 2241
Case No.: 11cr-20790-4/EDMI

Warden Recktenwald
   Respondent,

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

1. Harold Elliot Bursey, Movant/Petitioner

2. Place of Confinement: McKean Federal Correctional Institution, P.O. Box 8000 Bradford, PA 16701, Register Number 46718-039

3. Currently in the custody of the Federal Bureau of Prisons.

4. Are you currently: Serving a sentence (incarceration) after having been convicted of a crime.
   (a) United States District Court For The Eastern District of Michigan.
   (b) Docket Number: 11-cr-20790-4
   (c) Date of Sentencing: March 12, 2013

5. What are you challenging in this petition:
   Calculation and credit by the Federal Bureau of Prisons.

6. I have done all the requisite administrative remedies that are required through the Federal Bureau of Prisons; prior to using the vehicle of a 28 U.S.C. §2241. All of the administrative remedies were exhausted, and all of the administrative remedies were denied.
   (a) Unit Team, Warden and Regional Director
   (b) Docket numbers: 827567-F1, 830118-R2 and 830118-A1
   (c) All of the Federal Bureau of Prison administrative remedies were denied.
   (d) The final administrative remedy was denied on November 16, 2015.

7. First appeal:

   The first appeal was done via a BP-8 and was denied.

   The first appeal was sent to my unit team.
   The filing date was: July 9, 2015
   Docket number: 827567-F1
   This remedy was denied.
   This remedy was denied on July 29, 2015.
   The issues raised was credit that I should receive for my pretrial detention.

8. Second appeal:

   The second appeal was done via a BP-9 and was denied.

1

The second appeal was sent to the Warden.
The filing date was August 10, 2015.
Docket number: 830118-R2
This remedy was denied.
This remedy was denied on September 9, 2015.
The issues raised were the credit that I should receive for my pretrial detention.

9.   The third appeal was done via a BP-10 and was denied.

The third appeal was sent to the Regional Director.
The filing date was November    2015.
The issues raised were the credit that I should receive for my pretrial detention.

10.  There is NO motion under 28 U.S.C. §2255 pending regarding this issue.
     (a) I have not filed a motion under 28 U.S.C. §2255.
     (b) I have not filed a motion under 28 U.S.C. §2244(b)(3)(A) regarding this issue.
     (c) Filing a motion under 28 U.S.C. §2255 is not the correct vehicle to argue the
         issue that Bursey is challenging.  Bursey is currently challenging an issue
         dealing with the Bureau of Prisons.  The correct vehicle for this argument is
         via a motion under 28 U.S.C. §2241.

11.  This case does not deal with any immigration proceedings.

12.  There are NO other appeals that were filed pertaining to this issue.

13. **GROUND ONE:**
     Bursey contends that he should receive credit towards his federal sentence (11-cr-
     20790-4) as stated by the Court at sentencing.
     Specifically in ¶ four (4) of the administrative remedy no. 830118-A1, it states
     where the Honorable Judge Friedman pronounced that this sentence (11-cr-20790-4)
     is "to run concurrent to the undischarged Michigan state sentence."

     Therefore, Bursey contends that he should receive credit from February 6, 2012 to
     date that this motion is processed.  The credit that the Bureau of Prisons did
     give Bursey credit for (June 8, 2011). Bursey was not incarcerated; Bursey was
     on bond for his state case (11-1572-01).

     Furthermore, Bursey contends that he surrendered for his state sentence on January
     11, 2012; inso credit for that time should be considered towards Bursey's sentence
     in (11-cr-20790-4) also.

## RELIEF REQUESTED

     As addressed in the aforementioned ground; Bursey requests that this Honorable
Court grant this petition for credit that Bursey spent in "official" custody from
February 6, 2012, through the date of this motion.  Or any other relief that this
Honorable Court deems appropriate.  Also grant credit from January 11, 2012 if this
Honorable Court deems it appropriate.

## CERTIFICATE OF SERVICE

For: Harold E. Bursey
     Register No.: 46718-039
     P.O. Box 8000
     Bradford, PA 16701

    I declare under the penalty of perjury a true and correct copy of the foregoing has been deposited in regular U.S. Mail; postage prepaid to the Clerk's Office in the United State District Court for the Western District of Pennsylvania, 17 South Park Row,  Room A-150, Erie, Pennsylvania 16501.  Further it is requested that the Court  Clerk's Office FILE/STAMP   COPY/RETURN AND SERVE ALL PARTIES.

Scribe and sworn before me this 5, day of February, 2016.

Harold Bursey, Pro se

Administrative Remedy No. 830118-A1
Part B - Response
Page 3


The time spent in federal custody while on writ was credited towards
your state sentence which began on January 11, 2012, and continued
through January 1, 2015.  Due to the Federal Raw EFT being longer
than the non-federal Raw EFT, your case does not meet the conditions
set out above under Kayfez or Willis.

We find your sentence has been computed as directed by federal
statute and applicable Bureau of Prisons' policy.  Accordingly, your
appeal is denied.


11|10|15
Date

Ian Connors, Administrator
National Inmate Appeals

Administrative Remedy No. 830118-A1
Part B - Response
Page 2

the prisoner under the provisions of the writ for secondary custody."

Furthermore, Title 18 U.S.C. § 3585(b) also states in part, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, **that has not been credited against another sentence.**" You were in temporary USMS custody, on a federal writ, from February 6, 2012, through March 12, 2013. Your state sentence continued to run during that time and this time was credited towards your state sentence; therefore, it is not creditable towards your federal sentence as prior custody credit.

Since your federal and state sentences were running concurrent to each other, your case was reviewed for additional credit pursuant to Willis/Kayfez. In order for state presentence time to be credited toward your federal sentence, it must meet the conditions set out in either Kayfez v. Gasele or Willis v. U.S. Program Statement 5880.28 states in part that if the non-federal and federal sentences are concurrent, and the Raw Expiration Full Term (EFT) date of the non-federal term is equal to or less than the Raw EFT of the federal term, prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal. These time credits are known as Willis time credits (See Willis v. U.S., 449 F2d 923 (CA 5, 1971).

If the non-federal and federal sentences are concurrent, and the Raw EFT of the non-federal term is greater than the Raw EFT of the federal term, and if the non-federal Raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal Raw EFT, then a Kayfez situation exists. In such a situation, the amount of qualified non-federal presentence time, i.e., the amount of time in non-federal presentence time after the date of the federal offense to the date that the non-federal or federal sentence commenced, whichever is earlier, shall be applied to the non-federal Raw EFT. The federal Raw EFT shall then be reduced to equal the reduced non-federal Raw EFT. Any other existing prior custody time credits shall be deducted from the federal EFT after application of the Kayfez time credits (See Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993).

**Administrative Remedy No. 830118-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you request credit on your federal sentence for all time spent in federal custody while on writ from February 6, 2012, through March 12, 2013.

A review of your record reveals on October 19, 2010, you were arrested by officers of the Northwest Narcotics Enforcement Unit in Detroit, Michigan, for Possession with Intent to Deliver More Than 50, but Less Than 450 Grams of Cocaine, Case Number 11-1572-01.  You were released on bond October 21, 2010.

On November 11, 2011, you were sentenced in the 3rd Circuit Court, Detroit, Michigan, to serve 3 to 20 years in the Michigan Department of Corrections (MDOC) and to report for service of your sentence on January 11, 2012.  On February 6, 2012, while in the service of your state sentence, the United States Marshals Service (USMS) brought you into temporary federal custody via a Writ of Habeas Corpus ad Prosequendum for pending federal charges.

Records reflect on March 12, 2013, you were sentenced in the United States District Court, Eastern District of Michigan, to serve a 120-month term of imprisonment for Conspiracy to Possess with Intent to Distribute, and Distribute Heroin, Cocaine, Cocaine Base and Marijuana, to run concurrent to the undischarged Michigan state sentence.  Based on the state of Michigan retaining primary custody, you were appropriately returned to the MDOC on March 13, 2013, to complete service of your state sentence.

On January 7, 2015, you released from the MDOC via parole to the USMS for designation to a federal facility to complete your federal sentence.  The Bureau of Prisons commenced your federal sentence on March 12, 2013, the day it was imposed, in order to effect concurrent service of your state and federal sentences.  Prior custody credit for June 8, 2011, was applied to your federal sentence as it was not applied to the state sentence.

Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(b) state in part, "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time.  The primary reason for 'writ' custody is not the federal charge.  The federal court merely 'borrows'

RECEIPT - ADMINISTRATIVE REMEDY


DATE: JULY 9, 2015



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MCKEAN FCI

TO  : HAROLD BURSEY, 46718-039
      MCKEAN FCI     UNT: D     QTR: D01-132U



THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 827567-F1
DATE RECEIVED   : JULY 9, 2015
RESPONSE DUE    : JULY 29, 2015
SUBJECT 1       : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2       :

SIGN/

RECEIPT - ADMINISTRATIVE REMEDY


DATE: AUGUST 14, 2015



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : HAROLD BURSEY, 46718-039
      MCKEAN FCI    UNT: D     QTR: D01-132U



THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 830118-R2
DATE RECEIVED  : AUGUST 10, 2015
RESPONSE DUE   : SEPTEMBER 9, 2015
SUBJECT 1      : CREDIT FOR TIME SPENT IN JAIL
SUBJECT 2      :

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | Bursey | Harold | 46718-039 | DA | F.C.I. McKean |
|---|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** I am requesting the days that I spent in "official detention" (Pursuant to §3585(b)(1),)in Federal Custody in the Saint Clair County Jail;(Pursuant to a Writ of Habeas Corpus Ad Prosequendum) during pretrial from Feb. 6, 2012 until Mar. 12, 2013; to be credited against my federal sentence; pursuant to 18 U.S.C. §3585(b)(1) as stated in previous requests. I was in State custody in Michigan for 27days, and then handed over to the custody of the U.S. Marshals Service for my instant offense; where I was housed in pretrial detention at Saint Clair County Jail on Mar. 12, 2013. I was sentenced, to 120months in federal custody. At the time of sentencing, the State matter was still pending. My sentencing computation does not show that I have been credited for the time that I spent in pretrial detention as stated above. 18 U.S.C. §3585 allows the FBOP to award credit for time spent in "official detention"; see United States v. Christopher Hugh Lucas,898 F.2d 1554(1990); and United States v. Crozier,259 F.3d 503,520(6th Cir.2001). I am once again requesting that all my pretrial time that I have served in custody, be credited to me.

| 9-22-15 | | Harold Bursey | |
|---|---|---|---|
| DATE | | SIGNATURE OF REQUESTER | |

**Part B - RESPONSE**

RECEIVED

SEP 28 2015

Administrative Remedy Section
Federal Bureau of Prisons

| | | GENERAL COUNSEL | |
|---|---|---|---|
| DATE | | CASE NUMBER: 830118 | |

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | |
|---|---|---|---|

BP-231(13)
JUNE 2002