IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HAROLD BURSEY,  )
      Petitioner,  )  Civil Action No. 16-30 Erie
                        )
      v.  )
                        )  Magistrate Judge Susan Paradise Baxter
WARDEN RECKTENWALD,  )
      Respondent.  )

## OPINION[1]

Presently before the Court is a petition for a writ of habeas corpus filed by federal prisoner Harold Bursey (the "Petitioner"), pursuant to 28 U.S.C. § 2241. He contends that the Bureau of Prisons (the "Bureau" or the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329 (1992), erred in computing his federal sentence. For the reasons set forth below, the petition is denied.

**I.**

**A.** **Relevant Background**

From May 2009 to December 2009, the Petitioner committed the federal offense of Conspiracy to Possess with Intent to Distribute Heroin, Cocaine, Cocaine Base, and Marijuana. (Declaration of Forest Kelly (Resp's Ex. 2), ¶ 3). He was arrested by state authorities in Detroit, Michigan, on October 19, 2010, for the state offense of Possession with Intent to Deliver More than 50, but Less than 450, Grams of Cocaine. He was later released on bond from the Wayne County Jail. (Id., ¶ 4). On

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

November 11, 2011, he was sentenced in Wayne County, Michigan, to a term of imprisonment of from three to 20 years.[2] (Id., ¶ 5).

At this time, the Petitioner was in the "primary custody" (sometimes referred to as "primary jurisdiction") of the State of Michigan. The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012) (per curiam); Elwell v. Fisher, 716 F.3d 477 (8th Cir. 2013). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires and it releases the inmate, or until it relinquishes its priority through some other act, such as granting bail, dismissing the charges, or releasing the individual on parole. See, e.g., George, 463 F.App'x at 138 n.4.

On February 6, 2012, the Petitioner was transferred to the physical custody of federal authorities pursuant to a writ of habeas corpus ad prosequendum issued by the United States District Court for the

---

[2] The state sentencing court ordered the Petitioner to begin serving this sentence on January 11, 2012. He was committed to the Michigan Department of Corrections (MDOC) on January 12, 2012. The state gave the Petitioner three days of credit for time spent in state presentence custody from October 19, 2010, through October 20, 2010; and October 21, 2011. For the purpose of applying the three days of state presentence custody to the Petitioner's state sentence, the MDOC calculated Petitioner's state term as beginning on January 8, 2012 (January 11, 2012, minus three days). This calculation resulted in a minimum date of January 7, 2015, and a maximum date of January 7, 2032. (Kelly Decl., ¶¶ 5-6).

Eastern District of Michigan (the "District Court"). It had issued the writ so that the Petitioner could appear in federal court for the processing of his federal criminal charges. (Kelly Decl., ¶ 7).

Although the Petitioner was temporarily transferred to the physical custody of federal authorities pursuant to the writ of habeas corpus ad prosequendum, the State of Michigan maintained primary custody over him. That is because a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the sending sovereign unless and until it relinquishes jurisdiction over him. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) app. note 3(E) (2003). See also Elwell, 716 F.3d at 482 ("When the United States obtained physical custody of Elwell based upon the writ of habeas corpus ad prosequendum, the transfer of physical control over Elwell's custody from Iowa to the United States did not terminate Iowa's primary jurisdiction.") The receiving sovereign–in this case, the federal government–is considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and/or sentencing him. Id.

The Petitioner subsequently pleaded guilty in the District Court to the federal offense of Conspiracy to Possess with Intent to Distribute Heroin, Cocaine, Cocaine Base, and Marijuana for a period of time spanning from May 2009 to December 2009. (Kelly Decl., Attach. 2(b), Judgment). On March 12, 2013, the District Court sentenced him to a 120-month term of imprisonment (which it later reduced to 84 months). The District Court ordered the sentence to run concurrently with the Petitioner's undischarged state sentence. (Kelly Decl., ¶ 8).

On March 13, 2013, the United States Marshals Service returned physical custody of the Petitioner to the authorities with the State of Michigan in satisfaction of the federal writ of habeas corpus ad prosequendum. (Id., ¶ 9). On January 7, 2015, the state authorities released the Petitioner to federal authorities. (Id., ¶ 10).

3

The BOP computed Petitioner's federal sentence to have commenced on the date it was imposed (March 12, 2013) pursuant to 18 U.S.C. § 3585(a). It also determined that the Petitioner was entitled to one day of prior custody credit (which could also be described as pre-commencement credit) under 18 U.S.C. § 3585(b). (Id., ¶¶ 11-14 & Attach. 2(l), Public Information Inmate Data).

The Petitioner challenged the BOP's calculation of his federal sentence through the BOP's administrative remedy process. When he did not receive the relief he sought, he filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 4). He contends that he is entitled to additional credit against his federal sentence. The Respondent filed the answer (ECF No. 13), and the Petitioner filed a reply (ECF No. 17).

**B.**     **Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden, 921 F.2d at 478-79. Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241 to consider the Petitioner's claim that the BOP erred in computing his sentence. A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3).

**C. Discussion**

The following federal statutes are relevant to the evaluation of the petition: 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and, 18 U.S.C. § 3585(b), which governs the amount of sentencing credit that an inmate may receive for time served in official detention prior to the commencement of his federal sentence. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05").[3]

**1. Calculation of the date upon which a federal sentence commences**

18 U.S.C. § 3585(a) governs the date a federal sentence commences. It provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. See, e.g., Ruggiano, 307 F.3d at 126. The BOP will not commence a sentence earlier than the date it is imposed, even if made concurrent with a sentence already being served. PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). See, e.g., Rashid v. Quintana, 372 F.App'x 260, 262 (3d Cir. 2010) (per curiam) ("a federal sentence cannot begin to run earlier than on the date on which it is

---

[3] The BOP policies at issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. Although they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984), they are entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 207-08 (3d Cir. 2011) (per curiam) (citing Reno v. Koray, 515 U.S. 50, 61 (1995)), cert. denied, 132 S.Ct. 1068 (2012).

5

imposed.") (citing Unites States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998), which stated: "We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]" (internal quotations and brackets omitted)).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. As discussed above, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Once again, the primary custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, *e.g.*, granting bail, dismissing the charges, releasing the individual to parole or at the expiration of his sentence. See, e.g., George, 463 F.App'x at 138 n.4

6

The BOP has incorporated the common law primary custody doctrine into its policies, which provide:

1. If the federal government has primary custody of an inmate on the date his federal sentence is imposed, it is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate that sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

2. If the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence *concurrent* with any state sentence, the BOP will return physical custody of the inmate to the state, designate the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), and calculate his federal sentence to have commenced on the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

3. If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive* to any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12.

The second scenario is what occurred in the Petitioner's case. He was in the primary custody of the State of Michigan on the date his federal sentence was imposed. Because the federal court directed that the Petitioner's federal sentence be served concurrent with his state sentence, the BOP, in accordance with its policies and procedures, designated the state facility where the Petitioner was serving his state sentences as the official detention facility at which he commenced service of his federal sentence. As a result, it was able to compute his federal sentence to have commenced on March 12, 2013–the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12. *The BOP thus commenced the Petitioner's sentence on the earliest date that it could commence.*

### 2. Calculation of prior custody credit under § 3585(b)

Section 3585(b) governs the amount of credit an inmate is entitled to receive for time served in official detention prior to the commencement of his federal sentence. It provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *That has not been credited against another sentence.*

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time.") The BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. See, e.g., Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The BOP has determined that Petitioner is entitled to one day of jail credit for the time that he spent in official detention on June 8, 2011, and that he is not entitled to any addition credit under § 3585(b) because all of the other time that he served during the relevant time period was credited against his state sentence. (Kelly Decl., ¶¶ 12-14 & Attach. 2(l), Public Information Inmate Data). Thus, the BOP is statutorily precluded from granting the Petitioner any additional credit under § 3585(b) for time he spent in official detention prior to March 12, 2013 (the date his federal sentence commenced). Rios, 201 F.3d at 271-76; Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

**II.**

Based upon all of the foregoing, the Petitioner has not demonstrated that he is entitled to a writ of habeas corpus and, therefore, his petition is denied.[4]

An appropriate Order is attached.

Dated: June 8, 2017

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[4] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD BURSEY, | ) | |
|     Petitioner, | ) | Civil Action No. 16-30 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN RECKTENWALD, | ) | |
|     Respondent. | ) | |

**ORDER**

AND NOW, this 8th day of June, 2017, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED. The Clerk of Court shall mark this case CLOSED.

                                                /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge

cc:    Notice by ECF to counsel of record and by U.S. mail the Petitioner at his address of record